## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JELANI AGYYEI KAMAU KAYIN EL,** | ) | |
| **#10954-025,** | ) | |
| *also known as* **GILARDI C. BURNS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 17−cv–1398−SMY** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **USA,** | ) | |
| **MICHAEL J. REAGAN,** | ) | |
| **JIMMY WHITE,** | ) | |
| **MONROE COUNTY SHERIFF** | ) | |
| **DEPARTMENT,** | ) | |
| **ST. CLAIR COUNTY SHERIFF** | ) | |
| **DEPARTMENT,** | ) | |
| **CLINTON COUNTY IL,** | ) | |
| **WILLIAM D. STIEHL, JR.** | ) | |
| **PHILIP KAVANAUGH,** | ) | |
| **DAVID BRENGLE,** | ) | |
| **ETHAN SKAGGS,** | ) | |
| **GEORGE HOWARD,** | ) | |
| **BARBARA,** | ) | |
| **TASHA ANN DENISE JOHNSON,** | ) | |
| **FAIRVIEW HEIGHTS POLICE** | ) | |
| **DEPARTMENT,** | ) | |
| **PROSECUTORS OFFICE,** | ) | |
| **PROBATION,** | ) | |
| **FEDERAL DEFENDER OFFICE,** | ) | |
| **FCI ASHLAND,** | ) | |
| **UNKNOWN PARTY** *Prosecutors on Case*, | ) | |
| **and** | ) | |
| **DON BERRY,** | ) | |
| | ) | |
| **Defendants.** | | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

## INTRODUCTION

Plaintiff Jelani Agyei Kamau Kayin El (a/k/a Gilardi C. Burns) is an inmate at Monroe

County Jail ("Jail") located in Waterloo, Illinois. He filed this action pursuant to *Bivens v. Six*

*Unknown Named Agents* of Federal Narcotics Agents, 403 U.S. 388 (1971) and 42 U.S.C. § 1983, alleging that his civil rights were violated by federal and state officials in connection with his underlying criminal conviction for being a felon in possession of a firearm. Plaintiff brings this action against Chief Judge Michael J. Reagan (the presiding judge in his underlying criminal case), a court reporter, a police department, two sheriff's departments, defense attorneys, prosecutors, probation officials, United States Marshals, his former girlfriend, and various federal agencies.

In connection with his claims, Plaintiff seeks compensatory and punitive damages. He also requests that this Court release him from custody, pay for psychiatric counseling, expunge and/or seal his record, put him on the "do not detain list" and enter an order recognizing his Moorish American nationality, that he is not a Fourteenth Amendment citizen and that he is an Indigenous Allodial American National.

This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th

Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). Plaintiff's Complaint does not survive preliminary review under this standard.

## BACKGROUND

### Underlying Criminal Case

On October 23, 2013, Plaintiff was indicted for violating 18 U.S.C. §922(g)(1), often referred to as a felon in possession charge, for possessing two shotguns while having previously been convicted of an offense punishable by a term of imprisonment exceeding one year. *See United States v. Burns,* No. 13-30233-MJR ("Criminal Case"), Doc. 1. Chief Judge Michael J. Reagan was the presiding judge in Plaintiff's Criminal Case.

The indictment arose from a domestic dispute at Plaintiff's residence. More specifically, on June 17, 2013, officers with the Fairview Heights Police Department responded to a 911 call at Plaintiff's residence where they spoke to a woman who identified herself as Plaintiff's girlfriend. *See Burns v. United States,* No. 15-cv-608 ("Habeas Case"), Doc. 28. The woman indicated that Plaintiff had threatened her with a shotgun. *Id.* When officers spoke to Plaintiff, he told them that he did not have any weapons inside the home, and signed a form consenting to a search of his home.

The consent search turned up a Benelli 12 gauge shotgun and a Remington 870 Express shotgun. *Id.* Plaintiff was transported to the police station. *Id.* While at the police station, after

waiving his *Miranda* rights, Plaintiff gave a recorded statement in which he told a detective that he applied for a Firearm Owner's Identification card but was denied because he had a prior felony conviction. *Id.* During the interview, Plaintiff admitted that the shotguns were his, that he hid the shotguns in the basement while he was on the phone with 911 operators, and that he voluntarily signed the consent form to allow the police officers to search his home. *Id.*

On November 12, 2013, Plaintiff was released on pretrial bond. (Criminal Case, Doc. 12). On more than one occasion while he was on bond, Plaintiff tested positive for cocaine or crack cocaine. (Habeas Case, Doc. 28; Criminal Case, Doc. 54, Ex. 1-4). As a result, he was entered into a 30-day residential substance abuse treatment program. (Habeas Case, Doc. 28).

At the conclusion of his treatment, Plaintiff recanted prior admissions regarding his cocaine use and made additional allegations pertaining to selling cocaine in order to raise funds for his legal defense. (Criminal Case, Doc. 24). Thereafter, the United States filed a motion to revoke Plaintiff's bond. *Id.* A warrant for Plaintiff's arrest was issued on July 1, 2014 and, after a hearing on August 19, 2014, Plaintiff's bond was revoked. (Criminal Case, Docs. 42 and 43).

On October 31, 2014, Plaintiff pleaded guilty pursuant to a written stipulation of facts and agreement to plead guilty. (Criminal Case, Docs. 47, 48 and 49). Plaintiff was sentenced to eighteen months of imprisonment with two years of supervised release to follow on March 5, 2015 (Criminal Case, Doc. 70).

**Habeas Petition**

Plaintiff did not file a direct appeal. (Habeas Case, Doc. 28). Instead, on June 2, 2015, Plaintiff filed a Petition to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. (Habeas Case, Doc. 1). In his Petition, Plaintiff argued that (1) he received ineffective assistance of counsel; (2) he was deprived of due process because his predicate offense was not a felony;

(3) the mental health treatment condition of his supervision was unlawful; and (4) he did not receive credit from the Bureau of Prisons for 30 days of inpatient drug treatment he was ordered to obtain while on pretrial release. (Habeas Case, Docs. 1 and 28).

Plaintiff's Habeas Petition was ultimately denied on February 3, 2017. (Habeas Case, Doc. 28).

## Supervised Release

On October 23, 2015, while the Habeas Petition was pending, Plaintiff was released from custody and commenced his two-year term of supervised release. (Criminal Case, Doc. 79). In December 2015, the United States filed a Petition for Revocation of Supervised Release. (Criminal Case, Doc. 79). On January 26, 2017, Plaintiff's supervised release was revoked and Plaintiff was sentenced to 9 months' imprisonment. (Criminal Case, Doc. 127).[1]

In accordance with this sentence and a notice from the United States Marshals Service, Plaintiff was required to self-surrender by March 7, 2017. (Criminal Case, Doc. 129). He did not comply and an arrest warrant was issued. (Criminal Case, Docs. 129 and 130). Thereafter, Plaintiff was remanded to the custody of the United States Marshal for transfer to the Bureau of Prisons to complete his sentence. (Criminal Case, Doc. 140).

## Pending Criminal Case – Failure to Surrender

On June 21, 2017, Plaintiff was indicted for failing to surrender. *United States v. Burns*, No. 17-cr-30110-MJR, Doc. 1. A jury trial in connection with the indictment is presently set for March 2018. *United States v. Burns,* No. 17-cr-30110, Doc. 27.

## THE COMPLAINT

The Complaint consists of a list of constitutional deprivations that allegedly occurred in connection with Plaintiff's underlying criminal conviction, sentence and detention. Plaintiff

---

[1] Sentencing was deferred several times due to issues of counsel representation and Plaintiff's competency.

generally challenges the jurisdiction of the United States to indict, sentence or imprison him, based on his alleged status as a Moorish American/Allodial American National. (Doc. 1, pp. 1, 5-6). Plaintiff also asserts that the predicate offense in his underlying criminal conviction is not a cognizable crime because the government has no authority and/or jurisdiction to restrict his Second Amendment right to bear arms. (Doc. 1, p. 5). He contends that therefore, his conviction and sentence are illegal. (Doc. 1, pp. 4-5). Plaintiff seeks to hold "all parties of [his] court proceedings" and his "detainers" liable as "accessories to illegal detention." (Doc. 1, p. 4).

Additionally, Plaintiff alleges that the Fairview Heights Police Department wrongfully arrested him on June 17, 2013. (Doc. 1, p. 5). Specifically, he contends that the arrest was unlawful because (1) the United States lacks jurisdiction over him and/or (2) the United States cannot criminalize firearm possession. Plaintiff also claims that the Fairview Heights Police Department violated his rights on June 17, 2013 because they conducted a search of his home before he consented to that search. *Id.*

## DISCUSSION[2]

### Overview – Section 1983 and *Bivens*

Section 1983 of United States Code Title 42 provides a private right of action for damages to individuals who are deprived of "any rights, privileges, or immunities" protected by the Constitution or federal law by any person acting under the color of state law. To state a claim § 1983, a plaintiff must establish that (1) he had a constitutionally protected right, (2) he

---

[2] This matter involves a complaint against Chief Judge Reagan, a judicial colleague in the Southern District of Illinois. After consulting the Code of Conduct for United States Judges, the undersigned has determined that recusal is not necessary. *See* 2B Guide to Judiciary Policy, Ch.2, Advisory Opinion No. 103, available at http://www.uscourts.gov/sites/default/files/vol02b-ch02.pdf ("In typical harassing litigation, a claim against a judge is barred by the doctrine of judicial immunity, and the complaint is subject to prompt dismissal on judicial immunity or other grounds. Review of a complaint against a judicial colleague where the litigation is patently frivolous or judicial immunity is plainly applicable will not ordinarily give rise to a reasonable basis to question the assigned judge's impartiality, and disqualification would rarely be appropriate. Thus, the mere naming of a judicial colleague as a defendant does not require automatic recusal of every judge in the district or on the court under Canon 3C(1).").

was deprived of that right in violation of the Constitution, (3) the defendant intentionally caused that deprivation and (4) the defendant acted under color of state law. *Cruz v. Safford*, 579 F.3d 840, 843 (7th Cir. 2009); *Schertz v. Waupaca County*, 875 F.2d 578, 581 (7th Cir. 1989).

In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Supreme Court recognized an implied private cause of action for damages against federal officers alleged to have violated a citizen's constitutional rights. *See also Correctional Services Corp. v. Malesko*, 534 U.S. 61, 66 (2001) (discussing *Bivens*). Thus, *Bivens* affords a remedy against federal officials that is analogous to a claim against state actors under § 1983. *See Hartman v. Moore*, 547 U.S. 250, 254 n. 2 (2006). Even assuming that all of Plaintiff's allegations are true, as this Court is required to do, he cannot proceed with a claim under § 1983 or *Bivens* for numerous reasons, which are separately discussed below.

### Sovereign Citizen Argument

Plaintiff describes himself as a Moorish American and an Indigenous Allodial American National. (Doc. 1, p. 6). The Complaint suggests that, because of his status as a Moorish American/Allodial American National, the United States lacked jurisdiction to indict, sentence and imprison him.

Plaintiff's argument is part of a growing trend, commonly referred to as the "sovereign citizen" movement.[3] It is premised on faulty reasoning that has consistently been deemed frivolous. "Defendants claiming to be 'sovereign citizens' assert that the federal government is illegitimate and insist that they are not subject to its jurisdiction." *United States v. Jonassen*, 759 F.3d 653, 657 n. 2 (7th Cir. 2014). The argument has "no conceivable validity in American

---

[3] For more information about "sovereign citizen" arguments, *see* J.M. Berger, Without Prejudice: What Sovereign Citizens Believe, GW: Program on Extremism (2016), *available at*: https://cchs.gwu.edu/sites/cchs.gwu.edu/files/downloads/OccasionalPaper_Berger.pdf. *See also El v. AmeriCredit Financial Services, Inc.,* 710 F.3d 748, 750 (7th Cir. 2013) (describing the beliefs of so-called sovereign citizens of alleged Moorish origin).

law." *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990). The laws of the United States apply to all persons within its borders. *See United States v. Phillips*, 326 Fed. App'x 400 (7th Cir. 2009) (rejecting "sovereign citizen" argument as frivolous and noting that "a district court has personal jurisdiction over any defendant brought before it on a federal indictment charging a violation of federal law").

To the extent that Plaintiff alleges his constitutional rights were violated because he is a sovereign citizen and seeks monetary relief for those alleged violations, the claims are dismissed with prejudice as legally frivolous.

### Claims Against Improper Defendants

A majority of the defendants are not amenable to suit in a § 1983 or *Bivens* action and/or are entitled to certain immunities. As such, the claims directed against these defendants must be dismissed as legally frivolous.

#### 1. Tasha Ann Denise Johnson

This individual, Plaintiff's former girlfriend, is not a state or federal actor. Therefore, she is not an appropriate defendant and all claims against her will be dismissed with prejudice as legally frivolous. *See West v. Atkins*, 487 U.S. 42, 49 (1988) (To state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must show the deprivation of a constitutional right by a person acting under color of state law); *Glaus v. Anderson*, 408 F.3d 382, 389 (7th Cir. 2005) (*Bivens* claims must be directed against federal officials or agents).

#### 2. United States

The United States is not a proper defendant in a *Bivens* action. *Kaba v. Stepp*, 458 F.3d 678, 687 (7th Cir. 2006) (holding that "[a] *Bivens* action may not be brought against the United States or a federal agency"). "[T]he point of *Bivens* [i]s to establish an action against the

employee to avoid the sovereign immunity that would block an action against the United States."

*See Sterling v. United States*, 85 F.3d 1225, 1228-29 (7th Cir. 1996); *F.D.I.C. v. Meyer*, 510 U.S. 471, 484-86 (1994); *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003). Moreover, Plaintiff makes no allegations of wrongdoing alleged against the United States. "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974). Accordingly, Plaintiff's claims against the United States must be dismissed as legally frivolous.

### 3. *Defense Attorneys*

Defense attorneys, even those appointed by the court, are not considered state actors or federal officials for purposes of a claim under § 1983 or *Bivens*. *See Polk County v. Dodson*, 454 U .S. 312, 325 (1981) (holding that "a public defender does not act under color of state law [for purposes of liability under § 1983] when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); *see also Haley v. Walker*, 751 F.2d 284, 285 (8th Cir.1984) ("By analogy [to Polk County v. Dodson, 454 U.S. 312 (1981) ], an attorney appointed by a federal court is not a federal officer for purposes of a *Bivens*-type action."); *Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir.1982) (a federal public defender may not be sued for malpractice in a Bivens-type suit). Accordingly, Plaintiff's claims against his defense attorneys (Stiehl, Jr., Kavanaugh, Brengle and Skaggs) will be dismissed as legally frivolous.

### 4. *Prosecutors*

To the extent that Plaintiff intended to bring claims against the individual prosecutors in his underlying criminal case for the initiation of the prosecution and subsequent court proceedings, those claims are also subject to dismissal as legally frivolous. *Imbler v. Pachtman*,

424 U.S. 409, 430-31 (1976) (prosecutor has absolute immunity for activities that are "intimately associated with the judicial phase of the criminal process"). *See also Buckley v. Fitzsimmon*s, 20 F.3d 789, 795 (7th Cir. 1994) (prosecutors absolutely immune for actions as advocates even if they "present unreliable or wholly fictitious proofs"); *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986) (absolute immunity shields prosecutor "even if he initiates charges maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence").

### 5. *Prosecutors Office, Probation, Public Defenders Office, and FCI*

The Prosecutors Office, Public Defenders Office, Probation, and FCI Ashland are federal agencies. Thus, they are not amenable to suit in a *Bivens* action. *See FDIC v. Meyer*, 510 U.S. 471, 483-486 (1994) (federal agencies are not subject to suit for damages under *Bivens*). Rather, a *Bivens* action provides for a remedy against federal agents, acting in their individual capacities. *Id*. *See also Glaus v. Anderson*, 408 F.3d 382, 389 (7th Cir.2005) ("federal prisoners suing under *Bivens* may sue relevant officials in their individual capacity only"). Any claims directed against these entities are subject to dismissal as legally frivolous.

### 6. *Chief Judge Reagan*

Plaintiff sues Chief Judge Reagan, the district court judge that presided over his underlying criminal case, for solely judicial acts. The doctrine of judicial immunity establishes the absolute immunity of judges from damages for all actions taken as part of their judicial (as opposed to executive or administrative) functions, even when they act maliciously or corruptly. *See Mireles v. Waco*, 502 U.S. 9 (1991). This immunity is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public which has an interest in a judiciary free to exercise its function without fear of harassment by unsatisfied litigants. *Pierson v. Ray*,

286 U.S. 547, 554 (1967).

Chief Judge Reagan is entitled to absolute immunity for his judicial acts. Thus, all claims directed against him are subject to dismissal as legally frivolous.

**Improper Claims against Police and Sheriff Departments**

Plaintiff has named the Fairview Heights Police Department, the Monroe County Sheriff Department and the St. Clair County Sheriff Department as defendants. The Fairview Heights Police Department is a municipal department of the City of Fairview Heights, and is therefore not subject to suit; the real party in interest is the City of Fairview Heights. Accordingly, all claims against the Fairview Heights Police Department are dismissed with prejudice. *See Best v. City of Portland*, 554 F.3d 698, 698 n.* (7th Cir. 2009); *West By and Through Norris v. Waymire*, 114 F.3d 646, 646–47 (7th Cir. 1997); *Karney v. City of Naperville*, 2015 WL 6407759, at *1 (N.D. Ill. Oct. 22, 2015) (Naperville Police Department is not a suable entity). The same principle applies to Defendants Monroe County Sheriff Department and the St. Clair County Sheriff Department. *See Whiting v. Marathon County Sheriff's Dep't*, 382 F.3d 700, 704 (7th Cir.2004) (sheriff's department is not a legal entity separable from the county government which it serves and therefore, not subject to suit); *see also Buchanan v. City of Kenosha*, 57 F.Supp.2d 675, 678 (E.D.Wis.1999) (citing cases)

Although not named as defendants, the City of Fairview Heights, St. Clair County, and Monroe County may be sued *if* the alleged constitutional violation was caused by an unconstitutional policy or custom of the city or county. *See Monellv. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Individual officers working for these departments are also potentially viable defendants. However, in the instant case, amendment would be futile. As is discussed elsewhere in this Order, even if Plaintiff were to name proper defendants, his claims would fail

because they are either (1) premised on the legally frivolous sovereign citizen argument (*see* §
IV.B., supra) or (2) subject to the bar announced in *Heck v. Humphrey*, 512 U.S. 477, 486–87
(1994) (*see* § IV.F., infra).

## Failure to Allege Personal Involvement

Plaintiff has sued five defendants who are amenable to suit in a § 1983 or *Bivens* action:
(1) "Barbara," Chief Judge Reagan's Court Reporter;[4] (2) Don Berry, United States Marshal; (3)
George Howard, Probation Officer; (4) Jimmy White, United States Marshal; and (5) Clinton
County, Illinois. However, he does not allege that any of these defendants were personally
involved in a violation of his constitutional rights.

Plaintiffs are required to associate specific defendants with specific claims to put
defendants on notice of the claims brought against them and to enable the defendants to properly
answer the complaint. *See Twombly*, 550 U.S. at 555; FED. R. CIV. P. 8(a)(2). Where a plaintiff
has not included a defendant in his statement of the claim, the defendant cannot be said to be
adequately put on notice of which claims in the complaint, if any, are directed against him.
Merely invoking the name of a potential defendant is not sufficient to state a claim against that
individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Plaintiff must instead
allege that each defendant was personally involved in a violation of his constitutional rights.
Plaintiff has not done this.

Accordingly, the claims against these defendants are subject to dismissal for failure to
state a claim upon which relief can be granted. Normally, such a dismissal would include an
opportunity to file an amended complaint alleging personal involvement. However, for reasons
previously discussed, amendment would be futile.

---

[4] Unlike judges, court reporters are not entitled to absolute immunity. *Loubser v. Thacker*, 440 F.3d 439, 442 (7th
Cir. 2006).

## Heck v. Humphrey

Even if Plaintiff's claims survived the various immunities discussed above, properly alleged that the defendants were all state or federal actors, and otherwise made sufficient allegations against suable defendants, if successful, they would necessarily imply the invalidity of his criminal conviction and sentence. As such, Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).[5] In *Heck,* the United States Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing the relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id.* at 486-87, 114 S.Ct. 2372.

Here, Plaintiff alleges that his constitutional rights were violated during the course of his criminal prosecution in the Southern District of Illinois. He argues that his felon in possession conviction violates his Second Amendment right to bear arms and is otherwise unconstitutional, and that therefore, any individual or entity connected to his prosecution, sentence and/or detention is subject to liability for violating his constitutional rights. A finding in Plaintiff's favor on these claims would amount to finding that the statute under which Plaintiff was convicted is invalid or unconstitutional and would necessarily impugn the validity of his conviction and sentence, which still stand. Therefore, Plaintiff's claims are *Heck*-barred.

Plaintiff also alleges that the Fairview Heights Police Department violated his rights during the search and seizure that led to his arrest. Generally, *Heck* does not bar a false arrest

---

[5] The *Heck* doctrine applies with equal force to *Bivens* actions. *Case v. Milewski*, 327 F.3d 564, 568-69 (7th Cir. 2003); *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997) (per curiam) (collecting cases).

claim. *See Wallace v. Kato*, 549 U.S. 384, 395 (2007); *Dominguez v. Hendley*, 54 F.3d 585, 589 (7th Cir.2008) ("Even if no conviction could have been obtained in the absence of the violation, the Supreme Court has held that, unlike fair trial claims, Fourth Amendment claims as a group do not necessarily imply the invalidity of a criminal conviction, and so such claims are not suspended under the Heck bar to suit."), cert denied, ––– U.S. ––––, 129 S.Ct. 2381 (2009); *Gilbert v. Cook*, 512 F.3d 899, 901 (7th Cir. 2008) ("... *Heck* does not affect litigation about police conduct in the investigation of a crime."). However, a plaintiff can plead himself into a *Heck*-bar by pleading allegations in support of his claim that are inconsistent with his conviction. *See Gilbert v. Cook*, 512 F.3d 899, 902 (7th Cir. 2008). Plaintiff has done so here.

The Complaint suggests that Plaintiff's arrest was wrongful because the United States has no authority to criminalize possession of a firearm and/or because being a felon in possession of a firearm is otherwise not a crime. Once again, Plaintiff's argument challenges the validity of the statute under which he was sentenced and convicted, and is *Heck*-barred.

Plaintiff also challenges the search and seizure that led to his arrest on the ground that it occurred without his consent. Specifically, Plaintiff claims that officers searched his home *before* he consented. This claim directly contradicts stipulated facts from Plaintiff's criminal plea. *See* Criminal Case, Doc. 49 paragraphs 4-5. Thus, Plaintiff has interwoven a challenge to his guilty plea with a challenge to the lawfulness of the subject search. Thus, this claim is also *Heck*-barred. *See Easterling v. Moeller,* 334 Fed. App'x. 22, 24 (7th Cir. 2009); *Okoro v. Callaghan,* 324 F.3d 488 (2003).[6]

---

[6] Even if this claim is not *Heck*-barred it is untimely. The applicable statute of limitations for a § 1983 Fourth Amendment false arrest claim arising in Illinois is two years. 735 ILCS 5/13-202 (2009). "[A] § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace v. Kato*, 549 U.S. 384, 397 (2007); *see also Brooks v. City of Chicago*, 564 F.3d 830, 832 (7th Cir. 2009). Plaintiff's claim came more than two years after his arrest, and thus, any Fourth Amendment false arrest claim that is not *Heck*-barred is time-barred.

**Request for Injunctive and Declaratory Relief**

Plaintiff's request for injunctive relief warrants little additional discussion. Plaintiff asks the Court to release him from custody, expunge or seal his record and put him on the "do not detain" list. The Court has no authority to order this relief. Monetary relief is available in § 1983 and *Bivens* actions, but release from custody is not. Section 2255 is the "exclusive remedy" to challenge a federal conviction, unless that remedy is "inadequate or ineffective to test the legality of [the] detention." 28 U.S.C. § 2255(e); *Collins v. Holinka*, 510 F.3d 666, 667 (7th Cir. 2007). If § 2255 proves to be inadequate or ineffective, Plaintiff may be able to pursue federal habeas relief under 28 U.S.C. § 2241. Further, this Court cannot convert any portion of this action to a claim for habeas corpus relief. *Moore v. Pemberton*, 110 F.3d 22 (7th Cir. 1997); *Copus v. City of Edgerton*, 96 F.3d 1038 (7th Cir. 1996).

The Court also denies Plaintiff's request for declarative relief. Plaintiff is free to refer to himself as a Moorish American or any other description he chooses. The Court, however, will not issue a Declaration pertaining to this patently frivolous position.

## PENDING MOTIONS

Plaintiff's Motion for Recruitment of Counsel is **DENIED** as **MOOT.** (Doc. 3). Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* (Doc. 2) shall be addressed in a separate order of the Court.

## DISPOSITION

**IT IS HEREBY ORDERED** that the claims directed against Defendants **USA, REAGAN, STIEHL, JR., KAVANAUGH, BRENGLE, SKAGGS, JOHNSON, PROSECUTORS OFFICE, PROBATION, FEDERAL DEFENDER OFFICE, FCI**

**ASHLAND** and **UNKNOWN PARTY** *Prosecutors on Case* are **DISMISSED** with prejudice as legally frivolous.

**IT IS ALSO ORDERED** that Plaintiff's claims pertaining to his status as a Moorish American/Allodial American National (the "Sovereign Citizen" claims) are **DISMISSED** with prejudice as legally frivolous.

**IT IS ALSO ORDERED** that all remaining claims are **DISMISSED** without prejudice as *Heck*-barred and therefore legally frivolous.

**IT IS ALSO ORDERED** that the action is **DISMISSED** as legally frivolous. The Court **DIRECTS** the Clerk of the Court to close the case and enter judgment accordingly.

Plaintiff is **ADVISED** that this dismissal shall count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. CIV. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R.

APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the

entry of judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

**DATED:  January 31, 2018**

<u>s/ STACI M. YANDLE</u>
**District Judge**
**United States District Court**